Stevens *v.* Bosch.

FRANK  STEVENS, trustee under the will of Clark
Hammond, deceased,

*v.*

JOANNA  C.  BOSCH (formerly LISTER), JAMES  E.  HOWELL
and others.

1. A bill by the successor of a deceased trustee against the assignee of
deceased's executrix is not multifarious because it seeks both to ascertain the
amount of the trust fund in the hands of the executrix of the deceased trustee,
who was also his sole devisee, and to declare the same a lien upon certain lands
belonging to deceased's estate.

2. Where a bill by one appointed by the court as successor to a deceased
trustee under a will, filed to ascertain the amount of the trust estate in the hands
of the deceased at his death, shows that the will appointing deceased devised
an estate to him in trust to pay the income therefrom to the testator's daughter
during her life, and at her death to divide it among her children and grand-
children, and that the daughter is still living, complainant's *cestuis que trust*
are not necessary parties, the object of the suit being simply to recover the
trust estate from the former trustee's estate.

3. A trustee devised his entire estate to his wife, who was also named as
executrix, and she assigned the whole of the property passing under the will
to a third person for the benefit of the creditors of a partnership of which her
husband had been a member, and of a corporation in which he had held stock.
A bill was filed by a successor appointed by the court in the trusteeship, left
vacant by the husband's death, to ascertain the amount of the trust estate in
the deceased's hands at his death, and to recover the same. *Held,* that the
*cestuis que trust* of the assignee of the executrix were not necessary parties
defendant.

4. A was appointed trustee under a will to hold testator's property in trust
for the payment of the income therefrom to his daughter during her life, and
then to divide the entire property between her children and grandchildren.
A died, devising his entire estate to his wife as executrix, and she assigned it
to a third-person in trust to pay the debts of a partnership of which her hus-
band had been a member, and a corporation in which he had held stock.  B
was appointed to succeed A in his trust, and filed a bill against the executrix
and her assignee to ascertain the amount of the trust estate and to recover
possession of it.  In it he alleged that the trust fund amounted to a certain
sum, and that the former trustee had executed his bond for that sum to a third
person, and secured it by a mortgage on certain of his own property; that
subsequently he procured an assignment thereof to himself as trustee, and

held it as such at the time of his death; that the bond and mortgage were still in existence and in the possession of complainant, but that the property covered by it is insufficient as security. He prayed a foreclosure of this bond and mortgage, and the former partner of the deceased trustee was made a party defendant. Upon his demurring to the bill on the ground of multifariousness, complainant moved to amend by striking out the clause praying for a foreclosure.—*Held*, that the granting of the motion to amend would not be made contingent upon payment of costs as against the deceased trustee's former partner.

On demurrers to bill.

*Mr. Frederic W. Ward* and *Mr. George M. Keasbey*, for the demurrants.

*Mr. Charles H. Hartshorne, contra.*

PITNEY, V. C.

The complainant was appointed by the orphans court of the county of Essex trustee to execute the trust created by the will of one Clark Hammond, in place of Alfred Lister, deceased, who was the trustee named in the will.

The object of the bill is, first, to ascertain the amount of the trust estate which was received by Lister in his lifetime; and second, to recover the same from the estate of which he died seized.

Lister, by his will, after directing the payment of his debts, gave the whole of his estate, which consisted entirely of land, to his widow, Joanna C. Lister (who has since intermarried with one Bosch), and appointed her executrix thereof. There was no personal estate. Mrs. Lister conveyed all the lands (with a trifling exception) of which her husband died seized, to the defendant Howell, in trust for the payment of certain debts of a corporation in which Lister was interested, and of a certain partnership of H. S. Miller & Co., of which he was a member.

The allegation of the bill is that Lister received at least $6,000 of the estate of Hammond, which he failed to properly invest, so that his estate is liable to pay that sum, at least, with arrears of interest, to the complainant; and the equity relied upon is that

the debt due the estate of Hammond was the individual debt of Lister, and should be paid out of his estate before the partnership debts of H. S. Miller & Co., and before any of the debts of the corporation of which he was a member.

The demurrer states two grounds—*first*, misjoinder of causes of action, viz., (*a*) a suit to ascertain the amount of the trust fund in the hands of the executrix of Lister; and (*b*) to declare the same a lien upon certain lands; *second*, lack of parties, both complainant and defendant.

There is no misjoinder of causes of action. The suit has a single object, namely, to recover from the estate of Alfred Lister, in whomsoever's hands it is found, the amount due from him to the estate of Hammond. The ascertaining of the precise amount due is a mere incident. The main object of it is to follow the assets of the estate into the hands of the assignee of the devisee and to enforce a lien thereon, given both by the statute and by the will of the decedent.

The authorities cited for the contrary position, when carefully examined, do not sustain it. *Salvidge* v. *Hyde*, *5 Mad. 138; S. C., Jac. 151*, was a creditors' bill against an executor to settle the estate of the testator, and also to set aside a sale made by the executor to a purchaser who was made a party. The vice-chancellor, as reported in *5 Mad.*, held the bill not to be multifarious, and I think his reasoning is sound. He was reversed by Lord Elden, on appeal, for reasons which Lord Cottenham explained in *Attorney-General* v. *Cradock*, *3 Myl. & C. 85* (at *p. 96*); and see *Campbell* v. *Mackay*, *1 Myl. & C. 603.*

The object of the present bill is not, as in *Salvidge* v. *Hyde*, to have a general settlement of the estate of Lister, but to ascertain simply the amount due from him. All the parties to the bill are interested in both the questions, and the two are indissolubly connected.

It was suggested that the complainant should first establish the amount due from the estate of Lister and then file his bill against the grantee to establish his lien upon the lands. But the complete answer to that suggestion is that the grantee, as trustee, is engaged in selling the lands and distributing the pro-

ceeds among the creditors of Lister, and by the time the first suit would come to a conclusion the estate would probably have been disposed of and distributed among divers creditors in different parts of the country.

Upon the question of multifariousness or misjoinder, the judges all agree that it is impossible to lay down any rule applicable universally, or to say what constitutes or not multifariousness, as an abstract proposition, but that each case must be determined upon its own particular facts and in the exercise of a sound discretion by the court as to what will best tend to the promotion of justice in a particular case. Vice-Chancellor Van Fleet, in *Ferry* v. *Laible, 12 C. E. Gr. 146* (at *p. 150*), says: "The question is not one of principle, but of convenience addressed to the sound discretion of the court." And Justice Depue, in *Lehigh Valley* v. *McFarland, 4 Stew. Eq. 758,* says: "The rule with regard to multifariousness, whether arising from the misjoinder of causes of action, or of defendants therein, is not an inflexible rule of practice or procedure, but is a rule founded in general convenience, which rests upon the consideration of what will best promote the administration of justice, without multiplying unnecessary litigation on the one hand, or drawing suitors into needless and unnecessary expenses on the other."

The present case resembles that of the foreclosure of a mortgage against an assignee by deed with warranty of the mortgaged premises, who has not assumed the mortgage, and where the amount due upon the mortgage is open to dispute. Clearly, in such a case, the original mortgagor and bondsman should be brought in and the amount due upon the mortgage established as against him as a part of the foreclosure proceeding.

Next, as to want of parties.

It is alleged that the *cestuis que trust,* under the will of Hammond, should be made parties complainant, and that the *cestuis que trust* of the defendant Howell should have been made parties defendant.

With regard to the first allegation, the bill shows that the estate was devised to the trustee in trust to pay the income to

the testator's daughter during her life, and at her death to divide it among his children and grandchildren.   The widow is still living, and hence the trustee is not a mere naked formal trustee, holding the legal title without any active duties to perform except to pay it as soon as received to his *cestuis que trust,* but he is entitled to hold the fund upon a continuing trust with active duties; and the object of the present suit is simply to recover the estate from the hands of the holders of the estate for the former trustee.   In such case, the general rule laid down in the books, that *cestuis que trust* are necessary parties complainant, does not apply.   *Story's Eq. Pl.* § *215 a.*

The cases cited by counsel, to wit, *Tyson* v. *Applegate, 13 Stew. Eq. 305 ; Brokaw* v. *Brokaw, 14 Stew. Eq. 223 ; Cool's Executors* v. *Higgins, 10 C. E. Gr. 117; Allen's Executor* v. *Roll, 10 C. E. Gr. 163,* are all distinguishable on the ground that in those cases either the complainant was a bare trustee and was not entitled to hold possession of the fund when recovered, or the interests of the *cestuis que trust* were adverse to those of the complainant.

The distinction above pointed out is treated of by Mr. Calvert in his book on *Parties (2d ed., 1847) 277, 278,* and several cases are there cited illustrating the distinction, to which I add the case of *Reeve* v. *Richer, 1 De G. & S. 624; S. C., 17 L. J. (N. S.) Ch. 86.*

This is not a suit to administer a trust, or in which the construction of it or the rights between trustee and *cestuis que trust* are at all involved.   The trustee here represents his *cestuis que trust,* and the case is clearly within one of the exceptions mentioned by Justice Dixon in his opinion in *Smith* v. *Gaines, 12 Stew. Eq. 545* (at *pp. 549, 550.*)

The next specification of want of parties is that the *cestuis que trust* of the defendant Howell should have been made parties. I am of opinion that this objection as well as the others cannot prevail.   So far as the bill shows, the names of the persons for whom Howell holds the estate in trust are wholly unknown to the complainant, and the allegation is that they are not only unknown to the complainant, but, if known, are so numerous as

to make it inconvenient and improper to bring them all in. The defendant Howell represents them, and they are clearly within a familiar exception to the rule that all the *cestuis que trust* must be made defendants. The defendant Howell will have no difficulty in protecting himself by giving to each of his *cestuis que trust* notice of the suit and its objects, and if he is embarrassed by any lack of harmony among them he may take such means to protect himself as he shall be advised. At present, I can only be governed by the allegations of the bill, which shows a clear case for omitting Howell's *cestuis que trust.*

The bill had another aspect which requires consideration. The allegation is that the trust fund amounted to at least $6,000, and as evidence of this it is stated that the former trustee, Lister, made his bond for $6,000 to a third person, and secured it by a mortgage of certain of his own real estate, and that subsequently he procured an assignment of his own bond and mortgage to himself as trustee of Hammond, and held it as such at the time of his death, and that the bond and mortgage are still in existence, and at the moment of the argument were in the possession of the complainant. The allegation with regard to this bond and mortgage is that the property covered by it is entirely insufficient to secure it, and that if it was intended as an investment of so much of the fund it was a breach of trust.

The bill prays a foreclosure of this bond and mortgage, and certain judgment creditors of Mrs. Bosch, the devisee of the deceased trustee, were made parties and brought in as subsequent lienors upon the mortgaged premises. Among these is Henry S. Miller, the former partner of Lister, the trustee, and he demurs to the bill on the ground of multifariousness, alleging, among other things, that so much of the bill as prays foreclosure has no connection with the other part of the bill and renders it multifarious.

Before the argument came on, complainant moved to amend his own bill by striking out the clauses praying foreclosure and making the judgment creditors of Mrs. Bosch parties as lienors. The motion was granted, the only question being as to whether it should be granted upon payment of costs as against Miller.

The object of adding the prayer for foreclosure was evidently to save the costs of a separate suit for foreclosure. If the complainant succeeds in enforcing a lien upon the land conveyed to Howell, as trustee, and those lands should be insufficient, after paying complainant, for the purpose of the trust vested in Howell, then he will be entitled to have the bond and mortgage in question assigned to him and to foreclose it; or it may be that the court would, upon his application, stay the execution of the decree against him until the amount which might be realized out of the mortgaged premises should first be ascertained by an actual foreclosure and sale; and I am not at all sure that if the complainant had not moved to amend I should have finally held that the bill was rendered multifarious by the part stricken out. The complainant is acting in perfectly good faith as an officer appointed by the court to execute a trust, and as Miller is interested in the execution of the trust given to Howell, I do not see how he is injured by the introduction of a foreclosure into this bill, and therefore decline to give costs.

I will advise that the demurrers be overruled.